IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ABINADAB AGUAS HERNANDEZ, | § § § § § § § | |
| *Petitioner*, | § § | |
| V. | § § | |
| | § | CIVIL ACTION NO. 9:26-CV-00401 |
| MARKWAYNE MULLIN, Secretary of the | § | JUDGE MICHAEL J. TRUNCALE |
| U.S. Department of Homeland Security; U.S. | § | |
| Department of Homeland Security; DAVID | § | |
| VENTURALLA, Acting Director of the U.S. | § | |
| Immigration and Customs Enforcement; | § | |
| Executive Office for Immigration Review; | § | |
| TODD BLANCHE, Attorney General of the | § | |
| United States; GABRIEL MARTINEZ, Acting | § | |
| Assistant Field Office Director of the Houston | § | |
| Field Office of U.S. Immigration and Customs | § | |
| Enforcement; and JOHN DOE, Warden, IAH | § | |
| Secure Adult Detention Facility, in their official | § | |
| capacities, | § § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Abinadab Aguas Hernandez (Aguas Hernandez)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Aguas Hernandez is a Mexican national who entered the United States illegally in 2006. *See* [Dkt. 1 at ¶ 14]. On April 23, 2026, Aguas Hernandez was detained United States Immigration and Customs Enforcement (ICE). *Id.*

On June 4, 2026, Aguas Hernandez brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A.  Due Process

Aguas Hernandez argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Aguas Hernandez were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Aguas Hernandez's due process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Aguas Hernandez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Aguas Hernandez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the cause of detention."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

custody if adequately performed. *See id*.

Here, a properly conducted bond hearing would not invariably result in Aguas Hernandez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id*. §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Aguas Hernandez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Aguas Hernandez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Aguas Hernandez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Aguas Hernandez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

Michael J. Truncale
United States District Judge